JOSEPH H. HUNT
Assistant Attorney General
United States Department of Justice
WILLIAM C. PEACHEY
Director
GISELA A. WESTWATER
Assistant Director
KATHERINE J. SHINNERS
Senior Litigation Counsel
LINDSAY M. VICK
Trial Attorney
Office of Immigration Litigation
Ben Franklin Station, P.O. Box 868
Washington, DC 20044
202-532-4023
lindsay.vick@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| ERIC CHRISTOPHER DROEGEMEIER,<br><br>Plaintiff,<br><br>v.<br><br>WILLIAM P. BARR, et al.,<br><br>Defendants. | Case No. 9:19-cv-00014-DLC<br>Chief Judge Dana L. Christensen<br><br>**REPLY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE COMPLAINT** |

## INTRODUCTION

Defendants' uniform application of the definition of "conviction" under the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1101(a)(48)(A), to United States citizens and aliens alike is based on a reasonable construction of the statute, and is therefore not arbitrary and capricious under the Administrative Procedure Act ("APA"). When Congress amended the INA to include a specific definition for the term "conviction," it did so with the intent to create nationwide uniformity with respect to criminal convictions in the context of immigration proceedings. Furthermore, the legislative intent behind the Adam Walsh Act ("AWA") amendments to the INA indicates that the definition of conviction under § 1101(a)(48)(A) should apply equally to United States citizens who are petitioning on behalf of relatives as well as alien petitioners. Plaintiff's arguments in response to the Motion to Dismiss based on full faith and credit, canons of statutory construction, and a constitutional claim not pled in the Complaint do not rescue his Complaint from dismissal. Finally, Defendants adequately explained the reasons why Plaintiff's conviction constituted a "specified offense against a minor" under the AWA. Thus, Plaintiff's Complaint should be dismissed under Federal Rule of Civil Procedure 12(b)(6) for failure to state a legally cognizable claim.

## I. Defendants based their decisions on a reasonable construction of the applicable statutes, and therefore did not act arbitrarily and capriciously in applying the INA's definition of "conviction" to Plaintiff.

Defendants' application of the INA's definition of "conviction," 8 U.S.C. § 1101(a)(48)(A), to Plaintiff was not arbitrary and capricious because their interpretation is a reasonable construction of the statute and is also consistent with the legislative intent underlying the INA and the AWA. First, Congress amended the INA to include the definition of "conviction" to ensure nationwide uniformity and to broaden the term for immigration law purposes. *See Cazarez-Gutierrez v. Ashcroft*, 382 F.3d 905, 912 (9th Cir. 2004) (noting there is a "strong interest in national uniformity in the administration of immigration laws"); *Herrera-Inirio v. INS*, 208 F.3d 299, 305-06 (1st Cir. 2000) (discussing the history of the enactment of § 1101(a)(48)(A) and the congressional intent to create nationwide uniformity). Defendants' application of § 1101(a)(48)(A) to U.S. citizens and lawful permanent residents ("LPRs") alike is reasonable because it ensures nationwide uniformity with respect to the immigration consequences of criminal convictions consistent with congressional intent.

Second, the purpose of the AWA is "to protect the public from sex offenders against children." Adam Walsh Child Protection and Safety Act of 2006, Pub. L. No. 109-248, § 102, 120 Stat. 587, 590 (2006). Defendants' reasonable interpretation of the definition of "conviction" accomplishes the purpose of the

AWA because the public and all alien beneficiaries are protected under the provisions of the statute regardless of the petitioner's status or state of conviction.

Plaintiff nonetheless argues that the INA's definition of "conviction" and the effect of *vacatur* for immigration law purposes should apply only to aliens and should not apply to him as a U.S. citizen. The thrust of Plaintiff's argument is that state law—in this case California—should apply when Defendants decide whether a petitioner has been convicted of a "specified offense against a minor" under the AWA.[1] Therefore, according to Plaintiff, Defendants should accord full faith and credit under 28 U.S.C. § 1738 to the California state court's *vacatur* of his conviction under a rehabilitative statute pursuant to California Penal Code § 1204.3. Pl.'s Resp. to Mot. to Dismiss the Compl. ("Pl.'s Resp."), at 5 (ECF No. 17). To bolster his argument, Plaintiff cites *Matter of Adamiak*, 23 I. & N. Dec. 878 (BIA 2006), but this agency decision does not support giving full faith and credit to vacated convictions for rehabilitative purposes. Pl.'s Resp., at 5. In *Adamiak*, the petitioner's conviction was vacated under an Ohio code due to a defect in the criminal proceedings; however, here, Plaintiff's conviction was

---

[1] Although Plaintiff's contention is not correct, even if it were true that California law applies, the expungement statute at issue here does not expunge convictions for all purposes and even requires a defendant to continue to report expunged convictions under certain circumstances. *See, e.g.*, Cal. Penal Code § 1203.4(a)(1) (a defendant is not relieved of the obligation to disclose the expunged conviction for certain state licensing and contracting purposes); *see also* Pl's Resp., at 13 n.4.

vacated under a California code for rehabilitative purposes. 23 I. & N. Dec. at 881; *see, e.g.*, *Prado v. Barr*, 923 F.3d 1203, 1206 (9th Cir. 2019) (distinguishing convictions vacated for rehabilitative purposes versus for substantive or procedural defects); *Matter of Pickering*, 23 I. & N. Dec. 621, 624 (BIA 2003) (same); *Matter of Calcano*, 26 I. & N. Dec. 904, 905 (BIA 2017) (same). Thus, Plaintiff's full faith and credit argument is incorrect. The Ninth Circuit has already found that "federal immigration law does not recognize a state's policy decision to expunge (or recall or reclassify) a valid state conviction," which includes convictions "vacated for reasons unrelated to the merits of the underlying criminal proceedings." *Prado*, 923 F.3d at 1206 (quoting *Poblete Mendoza v. Holder*, 606 F.3d 1137, 1141 (9th Cir. 2010)). Additionally, this interpretation of the immigration consequences of state criminal convictions furthers the legislative intent underlying the INA's definition of "conviction," which was to foster uniformity in federal immigration law. *Id.*; *see, e.g.*, *Matter of Roldan-Santoyo*, 22 I. & N. Dec. 512, 521 (BIA 1999) ("Congress clearly does not intend that there be different immigration consequences accorded to criminals fortunate enough to violate the law in a state where rehabilitation is achieved through the expungement of records evidencing what would otherwise be considered a conviction under section 1101(a)(48)(A).").

Because the law clearly states that such vacated convictions need not be afforded full faith and credit, Plaintiff's argument thus rests on his assertion that because he is a U.S. citizen, he falls outside the reach of these holdings. But, as discussed below and explained in Defendants' Motion to Dismiss, Congress did not intend for Plaintiff's conviction to be treated differently. *See* Defs.' Mot. to Dismiss, at 14-15.

## II. Plaintiff's arguments concerning five canons of statutory construction are unavailing.

Despite the legislative intent underlying the INA and the AWA, Plaintiff claims that the language of the statute in light of five canons of statutory construction shows that § 1101(a)(48)(A) does not apply to him as a U.S. citizen, including: (1) the plain meaning rule; (2) the doctrine of *expressio unius*; (3) avoiding interpretations that would render a portion of the statute superfluous; (4) avoiding displacement of state law; and (5) avoiding constitutional conflict. Pl.'s Resp., at 7-11. Congress' intent to create uniform immigration laws and the AWA's purpose to protect the public from sex offenders provide clear legislative intent that rebuts the application of these statutory canons; thus, Plaintiff's arguments invoking the first four canons are unavailing. *See Nat'l R.R. Passenger Corp. v. Nat'l Ass'n of R.R. Passengers*, 414 U.S. 453, 458 (1974) ("But even the most basic general principles of statutory construction must yield to clear contrary evidence of legislative intent.").

In an effort to attack Defendants' construction of the statute, Plaintiff argues that treating convictions differently for U.S. citizens and aliens is harmonized by Congress's creation of two subsections within the section of the INA dealing with the procedure for granting immigrant status, specifically 8 U.S.C. § 1154(a)(1)(A)(viii) (pertaining to U.S. citizen petitioners) and 1154(a)(1)(B)(i) (pertaining to LPR petitioners). These specific subsections provide that those petitioners—U.S. citizens and LPRs alike—"convicted" of a "specified offense against a minor" may not petition for alien relatives absent a showing of no risk to the intended beneficiary. Pl.'s Resp., at 8-9, 16. Simply put, Plaintiff's argument misrepresents the legislative history of the INA. In passing the AWA amendments to the INA, Congress did not "create" two different subsections for U.S. citizens and aliens within § 1154(a)(1). Subparts (A) and (B) to § 1154(a)(1), which differentiate between U.S. citizens and LPRs, already existed prior to the AWA amendments, and the AWA merely amended these two existing subsections. *See* 8 U.S.C. § 1154(a)(1)(A)-(B) (2000); *see also* Pub. L. No. 109-248, § 402(a) (AWA amendments to pre-existing subparts (A) and (B) to § 1154(a)(1)). Thus, it is not true that the AWA amendments to the INA created two subsections with the intent of treating U.S. citizens differently from aliens. Additionally, the provisions of the INA as amended by the AWA apply to U.S. citizen and LPR petitioners in exactly the same way.

Plaintiff also asserts that applying the plain meaning of the INA's definition of "conviction" and interpreting it to apply only to aliens "would not have [a] profound impact on the INA or the AWA." Pl.'s Resp., at 14-15. Plaintiff notes that Congress treats U.S. citizens differently from LPRs for other purposes in the INA, citing to the ability to petition for certain relatives under different preference categories. *Id.* at 15-16. However, the existence of provisions prioritizing spouses and minor children over other relatives, and relatives of U.S. citizens over those of LPRs, is not contrary to Congress' intent reflected in the AWA amendments that all aliens deserve the same protection from a petitioner convicted of a specified offense against a minor. *See Matter of Jackson and Erandio*, 26 I. & N. Dec. 314, 318 (BIA 2014) ("The critical purpose of [the AWA] is to ensure that an intended alien beneficiary is not placed at risk of harm from the person seeking to facilitate the alien's immigration to the United States.") (citation omitted). Thus, in light of the entire legislative scheme, Defendants' interpretation of the "conviction" definition is reasonable. Therefore, Plaintiff's claim in this regard does not demonstrate entitlement to relief above a speculative level such that it should survive a motion to dismiss. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Plaintiff's reliance on the fifth canon—constitutional avoidance—is essentially an attempt to raise a new constitutional claim that was not pled in the

Complaint. Further, Defendants' interpretation of the "conviction" definition does not pose a constitutional problem. Plaintiff did not assert any constitutional claim in his Complaint. *See generally*, Compl. (ECF No. 1). Thus, the Court could not consider it. *See Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1107 (7th Cir. 1984) ("[I]t is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss."); *see also Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001) ("[W]hen the legal sufficiency of a complaint's allegations is tested by a motion under Rule 12(b)(6), review is limited to the complaint.") (internal quotation marks and modifications omitted).

It is unclear precisely what constitutional due process problem Plaintiff is asserting would be avoided if the government treated the convictions of U.S. citizen petitioners differently from the convictions of alien petitioners for purposes of the AWA. To the extent Plaintiff is arguing that the Board's decision in *Matter of Calcano* interpreting the INA definition of "conviction," as well as the Adam Walsh Act generally, is impermissibly retroactive and/or violates the Ex Post Facto Clause, neither of these claims were pled in the Complaint. *See* Pl.'s Resp., at 11 (noting that he pled guilty prior to enactment of the AWA and prior to the Board's decision in *Calcano*). Further, the Ninth Circuit rejected the argument concerning the Ex Post Facto Clause in *Gebhardt v. Nielsen*, 879 F.3d 980, 986-87 (9th Cir. 2018). The Ninth Circuit held that the AWA does not violate the Ex Post Facto

Clause because its non-punitive purposes outweigh any punitive aspects. *Id*. at 987; *see also Reynolds v. Johnson*, 628 F. App'x 497, 498 (9th Cir. Dec. 31, 2015); *Bakran v. DHS*, 894 F.3d 557, 567 (3d Cir. 2018) (holding that the AWA does not violate the Ex Post Facto Clause and does not have impermissible retroactive effect). To the extent Plaintiff is asserting a substantive due process argument concerning a right to marry or reside with an alien spouse, *see* Pl.'s Resp., at 12, this exact argument was also struck down in *Gebhardt*. *See* 879 F.3d at 988. Therefore, Defendants' interpretation of § 1101(a)(48)(A) does not pose a constitutional problem, and Plaintiff's arguments concerning the constitutional avoidance canon of statutory construction are unavailing.

Defendants' interpretation of the definition of "conviction" for purposes of the AWA following Congress' intent to create nationwide uniformity with respect to the immigration consequences of criminal convictions, and to protect the public and alien beneficiaries, is reasonable. As a result, Plaintiff's arguments invoking the canons of statutory construction do not rescue his Complaint from dismissal under Federal Rule of Civil Procedure 12(b)(6).

## III. Defendants adequately explained the reasons why Plaintiff's conviction constitutes a "specified offense against a minor" under the AWA.

The Board adequately explained how Plaintiff's conviction qualified as a "specified offense against a minor" when it compared the language of Plaintiff's statute of conviction with a provision of the AWA and also cited agency precedent

permitting use of the circumstance-specific approach to make such a determination. Compl. Ex. H. Thus, the Board's decision—the final agency decision in this matter—was not arbitrary and capricious under the APA. *See Mamigonian v. Biggs*, 710 F.3d 936, 942 (9th Cir. 2013) (finding that the final agency decision for purposes of APA review is the last decision of the agency that triggers legal consequences). Accordingly, Plaintiff's claim in this regard fails as a matter of law.

Plaintiff contends that the agency should have ignored the facts of the crime that he actually committed and instead it should have employed a "categorical" analysis to determine whether his conviction qualified as a "specified offense against a minor" under the AWA. Pl.'s Resp., at 17-18. However, the Board did employ the categorical approach when it compared the elements of California Penal Code § 647.6(a) as interpreted by the Ninth Circuit in *United States v. Pallares-Galan*, 359 F.3d 1088, 1100 (9th Cir. 2004) with a provision of the AWA. *See* Compl. Ex. H. Thus, Plaintiff's claim that the Board denied his visa petition "without defining any terms used in the AWA," Pl.'s Resp., at 19, is incorrect. The Board explicitly found that Plaintiff's conviction invoked conduct falling within a specific provision of the AWA involving "'[a]ny conduct that by its nature is a sex offense against a minor.'" Compl. Ex. H (quoting 42 U.S.C. § 16911(7)(I) (now codified at 34 U.S.C. § 20911(7)(I)).

The Board also incorporated the circumstance-specific approach into its decision when, citing *Matter of Introcaso*, 26 I. & N. Dec. 304 (BIA 2015), the Board found that "the adjudicator may properly examine the circumstances of the crime," and that Plaintiff "bore the evidentiary burden to establish that his offense did not bar approval of the visa petition." Compl. Ex. H. The Board affirmed USCIS's decision denying the visa petition because it agreed that Plaintiff did not meet his burden. *Id*.

The Board's application of both the categorical and circumstance-specific approaches in its determination of whether Plaintiff was convicted of a "specified offense against a minor" under the AWA was in accordance with the law. First, the Board's decision in *Introcaso* provides that "adjudicators may apply" the circumstance-specific approach, "which permits consideration of the facts and circumstances underlying the conviction" as opposed to focusing only on the elements of an offense compared to the generic offense or definition of a crime. 26 I. & N. Dec. at 304, 308. Further, the Ninth Circuit has held in the AWA context that the categorical approach generally applies to determine whether a criminal conviction has immigration consequences, but in the context of a "specified offense against a minor," the circumstance-specific approach applies to determine the age of the minor victim. *See United States v. Mi Kyung Byun*, 539 F.3d 982, 990, 992 (9th Cir. 2008). The Ninth Circuit has also stated that the AWA's catch-

all provision in its definition of "specified offense against a minor"—"[a]ny *conduct* that by its nature is a sex offense against a minor"—indicates that it is the underlying conduct that matters, which supports the use of a circumstance-specific approach. *Id.* at 992 (emphasis in original). However, the Ninth Circuit did not decide that issue. Plaintiff cites no authority that *requires* the application of the categorical approach for AWA purposes. *See* Pl.'s Resp. at 18-20. But even if the categorical approach were required, the Board also applied a categorical approach, and therefore Plaintiff's argument is immaterial.

Finally, Plaintiff argues that the statute he was convicted under does not qualify as a "specified offense against a minor" under the AWA. Pl.'s Resp., at 20-21. The Complaint does not properly plead this claim, however. All the Complaint pleads in this respect is "Defendants made a decision that is arbitrary and capricious by *failing to adequately explain* how Plaintiff's purported conviction was a 'specified offense against a minor.'" Compl. ¶ 19.b (emphasis added). In his Complaint, Plaintiff does not challenge the merits of the agency's decision concerning whether his offense qualifies as a specified offense against a minor. *See generally*, Compl. Instead, he simply challenges the adequacy of the agency's explanation.

The adequacy of Plaintiff's pleading notwithstanding, even under the categorical approach Plaintiff's conviction under California Penal Code § 647.6(a)

constitutes conduct that "by its nature is a sex offense against a minor," and thus qualifies as a specified offense against a minor under the AWA. 34 U.S.C. § 20911(7)(I). To prove a violation of § 647.6(a), the State must show "'an act objectively and unhesitatingly viewed as irritating or disturbing, prompted by an abnormal sexual interest in children.'" *Pallares-Galan*, 359 F.3d at 1100 (quoting *People v. Lopez*, 965 P.2d 713, 717 (Cal. 1998)); *see also* Compl. Ex. H. (Board decision on Plaintiff's petition also considering his conviction in light of *Pallares-Galan*). Section 647.6(a) necessarily involves minors in that it proscribes conduct against a person under 18 years old. Further, a conviction for this offense requires a showing of "an abnormal sexual interest in children." *Pallares-Galan*, 359 F.3d at 1100 (interpreting California Penal Code § 647.6(a)). It is certainly reasonable to conclude that an offense that involves "an abnormal sexual interest in children" constitutes an offense that "by its nature is a sex offense against a minor." 34 U.S.C. § 20911(7); *see also* Compl. Ex. H.

## CONCLUSION

For the foregoing reasons, Plaintiff's Complaint should be dismissed under Federal Rule of Civil Procedure 12(b)(6) for failure to state a legally cognizable APA claim because Defendants reasonably interpreted the definition of "conviction" under § 1101(a)(48)(A) and adequately explained the reasons why

Plaintiff's conviction constituted a "specified offense against a minor" under the AWA.

Dated: July 3, 2019

Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General
Civil Division, U.S. Dep't of Justice

WILLIAM C. PEACHEY
Director
Office of Immigration Litigation

KATHERINE J. SHINNERS
Senior Litigation Counsel

By: /s/ *Lindsay M. Vick*
LINDSAY M. VICK
MA Bar# 685569
Trial Attorney
Department of Justice
Civil Division
Office of Immigration Litigation
District Court Section
P.O. Box 868
Washington, DC 20044
Tel: (202) 532-4023
Email: Lindsay.vick@usdoj.gov

*Attorneys for Defendants*

**CERTIFICATE OF COMPLIANCE**

Pursuant to Local Civil Rule 7.1(d)(2)(B), I hereby certify that the above memorandum is 3,171 words, exclusive of the caption, and certificates of service and compliance. I relied on the word count function in Microsoft Word, which was used to prepare this document.

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the above Reply in Support of Defendants' Motion to Dismiss was served upon the attorney of record for each other party on July 3, 2019, through the CM/ECF for the District of Montana, which will generate automatic service upon all counsel of record enrolled to receive such service.

*/s/ Lindsay M. Vick*
LINDSAY M. VICK
Trial Attorney
United States Department of Justice